

ELECTRONICALLY FILED
7/12/2019 2:48 PM
12-CV-2019-900096.00
CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA
LISA BURDETTE, CLERK

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| **BETTY WINSTON,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CASE NO.:** |
| **vs.** | * | |
| | * | |
| **THE KROGER CO. AND** | * | **JURY TRIAL DEMANDED** |
| **DEFENDANTS "A"- DEFENDANT "V";** | * | |
| | * | |
| **Defendants.** | * | |

---

## PLAINTIFF'S COMPLAINT

---

### PARTIES

1.     Plaintiff, Betty Winston, is an adult resident of Chambers County, Alabama.

2.     Defendant, The Kroger Co., is believed to be a foreign profit corporation doing business at all material times in Chambers, Alabama.

3.     DEFENDANT, "A", the legal entity responsible for the repair of the dangerous and defective condition described therein;

4.     DEFENDANT, "B", the legal entity who or which failed to warn the Plaintiff of the unreasonably dangerous or defective condition of the premises on the occasion described therein;

5.     DEFENDANT, "C", the legal entity who or which failed to train the individual(s) responsible for warning the public of the unreasonably dangerous or defective condition of the premises on the occasion described herein;

6.     DEFENDANT, "D", the legal entity responsible for creating the unreasonably dangerous or defective condition of the premises on the occasion described herein;

7.     DEFENDANT, "E", the legal entity who or which owned, maintained or had any

interest in the premises involved in the occurrence made the basis of this lawsuit;

8.      DEFENDANT, "F", the legal entity who or which was lessor of the premises involved in the occurrence made the basis of this lawsuit;

9.      DEFENDANT, "G", the legal entity who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit;

10.     DEFENDANT, "H", the legal entity who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence.

11.     DEFENDANT, "I", the legal entity who or which controlled or had the right to control the access, ingress, egress, or entrance to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence;

12.     DEFENDANT, "J", the legal entity who or which conducted safety inspections or analysis at or with referenced to the site of the occurrence made the basis of this lawsuit; prior to the date of said occurrence;

13.     DEFENDANT, "K", the legal entity including, but not limited to the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit, which conducted any safety inspection or analysis of or with regard to the premises involved in the occurrence made the basis of this lawsuit at any time prior to said occurrence;

14.     DEFENDANT, "L", the legal entity who or which provided any insurance coverage, of whatever kind of character, for any of the named defendants or fictitious party defendants listed or named herein;

15.     DEFENDANT, "M", the legal entity whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

2

16. DEFENDANT, "N", the legal entity who or which is the successor in interest of any of those entities described above.

17. DEFENDANT, "O", the legal entity who or which provided any cleaning service and/or maintenance of the premises involved in the claim made the basis of this lawsuit;

18. DEFENDANT, "P", the legal entity who or which planned, designed or constructed the facility involved in the occurrence made the basis of this lawsuit.

19. DEFENDANT, "Q", the legal entity who or which was architect, engineer, contractor or subcontractor involved in the planning, design or construction of the building involved in the occurrence made the basis of this lawsuit;

20. DEFENDANT, "R", the legal entity who or which supervised or trained the person(s) responsible for the premises involved in the occurrence made the basis of this lawsuit;

21. DEFENFDANTS, "S", "T", "U", AND "V", those other legal entities whose combined and concurrent negligence, wantonness or other wrongful conduct contributed to cause the Plaintiff's injuries involved in the incident made the basis of this suit. All of the above fictitious party Defendants' true and correct names are otherwise unknown at this time but will be supplied by amendment and substitution when ascertained.

## STATEMENT OF THE FACTS

23. Plaintiff incorporates by reference all prior paragraphs as if fully stated herein.

24. On or about the 15th day of July, 2017, Plaintiff, Betty Winston, was a patron of Kroger located at 1401 S Gilmer Avenue, Lanett, Chambers County, Alabama. While walking through the produce aisle, the Plaintiff, Betty Winston, slipped and fell on produce left on the floor, causing injuries.

25. Plaintiff was an invitee at all times herein.

26. The produce left on the floor of the aisle where the Plaintiff fell was a latent and

3

dangerous condition.

27.     Upon information and belief, the Defendant failed to conduct reasonable inspections, and warn the Plaintiff of the latent dangerous condition present thereon which caused the Plaintiff to sustain injuries.

28.     Upon information and belief, the Defendants herein affirmatively caused the latent and dangerous condition to occur.

29.     The latent and dangerous condition was not "open and obvious" to the Plaintiff and others.

## NEGLIGENCE

30.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

31.     Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, negligently caused or allowed said area of the floor where Plaintiff was walking to be in such a deceptive, defective and unreasonably dangerous condition that Plaintiff was caused to slip and fall.

32.     Plaintiff's injuries and other damages, as set forth below, were proximately caused by the negligence of the Defendants herein in one or more of the following aspects:

A.     Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, negligently caused or allowed the condition of the premises where Plaintiff was injured to be defective and unreasonably dangerous condition to the Plaintiff.

B.     Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, should have known or could have known of the unsafe condition and negligently failed to warn the Plaintiff of said condition.

C.     Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, negligently failed to instruct and train its employees with respect to the

4

maintenance and safety of the premises.

D.      Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, negligently failed to inspect the premises in a timely manner.

E.      Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, negligently failed to train, manage and/or adequately supervise the maintenance and/or repair work performed on the premises to remedy and discover the dangerous condition, and such failure caused Plaintiff's injuries.

F.      Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, negligently failed to adequately warn of the hazards associated with the use of the premises on which the Plaintiff was injured.

G.      Defendants, those named and named as fictitious party defendants in the caption of this Complaint, negligently failed to properly safeguard the premises where Plaintiff was injured, and the deceptive, defective, and unreasonably dangerous condition which they created caused the Plaintiff injury.

H.      Defendants, those named and named as fictitious party defendants in the caption of this Complaint, negligently failed to adequately provide literature, instructions and training aids relating to the hazards associated with the failure to properly repair the premises in order to protect the public and Plaintiff from injury.

I.      Defendants, those named and named as fictitious party defendants in the caption of this Complaint, negligently failed to prescribe, adopt, or promulgate rules or policies regarding the maintenance of its premises where Plaintiff was injured, or if said Defendants did prescribe, adopt, or promulgate said rules or policies, Defendants negligently failed to abide by those rules.

J.      Defendants, those named and named as fictitious party defendants in the caption

of this Complaint, knew or should have known that the failure to maintain and/or repair the premises where Plaintiff was injured and rendered the premises defective and unreasonably dangerous and that it failed to either warn the plaintiff of the defective and unreasonably dangerous condition or to make the premises safe. Defendants, those named and named as fictitious party defendants in the caption of this Complaint, maintained its premises in a negligent manner.

33.     Said negligent conduct of Defendants proximately caused Plaintiff to suffer injuries and damages, including but not limited to:  she was caused to suffer physical injuries to her person; surgery and surgical expenses, post-operative physical therapy treatment and expense she was caused to undergo medical evaluation and treatment for her injuries and will be caused to incur additional expenses in the further; she has been permanently disfigured; she has been caused to suffer physical pain and suffering, loss of enjoyment of life, loss of quality of life, emotional distress, and mental anguish; and she will continue to suffer similar injuries, pain and damages in the future.

**WHEREFORE**, premises considered, the Plaintiff herein demands judgment against the Defendants herein for a sum within the jurisdictional limits of this Court, and any other relief to which she is entitled.

## RESPONDEAT SUPERIOR

34.     Plaintiff incorporates by reference all prior paragraphs as if fully stated herein.

35.     The name Defendants, and all other Fictitious Parties herein, were, at all relevant times, acting within the course and scope of their employment.

36.     The named Defendants, and all other Fictitious Parties herein, were negligent as stated herein.

37.     Said negligent conduct of Defendants proximately caused Plaintiff to suffer

6

injuries and damages, including but not limited to: she was caused to suffer physical injuries to her person; surgery and surgical expenses, post-operative physical therapy treatment and expenses she was caused to undergo medical evaluation and treatment for her injuries; she was caused to incur expenses for the evaluation and treatment of her injuries and will be caused to incur additional expenses in the future; she has been permanently disfigured; she has been caused to suffer physical pain and suffering, loss of enjoyment of life; loss of quality of life, emotional distress, and mental anguish; and she will continue to suffer similar injuries, pain and damages in the future.

**WHEREFORE**, premises considered, the Plaintiff herein demands judgment against the Defendants herein for a sum within the jurisdictional limits of this Court, and any other relief to which he is entitled.

## NEGLIGENCE-FICTITIOUS DEFENDANTS "A-"V"

38.  The plaintiff incorporates all prior allegations and averments herein by reference.

39.  DEFENDANT, "A", the legal entity responsible for the repair of the dangerous and defective condition described therein.

40.  DEFENDANT, "B", the legal entity who or which failed to warn the Plaintiff of the unreasonably dangerous or defective condition of the premises on the occasion described therein.

41.  DEFENDANT, "C", the legal entity who or which failed to train the individual(s) responsible for warning the public of the unreasonably dangerous or defective condition of the premises on the occasion described herein.

42.  DEFENDANT, "D", the legal entity responsible for creating the unreasonably dangerous or defective condition of the premises on the occasion described herein.

43.  DEFENDANT, "E", the legal entity who or which owned, maintained or had any

7

interest in the premises involved in the occurrence made the basis of this lawsuit.

44.     DEFENDANT, "F", the legal entity who or which was lessor of the premises involved in the occurrence made the basis of this lawsuit.

45.     DEFENDANT, "G", the legal entity who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit.

46.     DEFENDANT, "H", the legal entity who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence.

47.     DEFENDANT, "I", the legal entity who or which controlled or had the right to control the access, ingress, egress, or entrance to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence.

48.     DEFENDANT, "J", the legal entity who or which conducted safety inspections or analysis at or with referenced to the site of the occurrence made the basis of this lawsuit; prior to the date of said occurrence.

49.     DEFENDANT, "K", the legal entity including, but not limited to the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit, which conducted any safety inspection or analysis of or with regard to the premises involved in the occurrence made the basis of this lawsuit at any time prior to said occurrence.

50.     DEFENDANT, "L", the legal entity who or which provided any insurance coverage, of whatever kind of character, for any of the named defendants or fictitious party defendants listed or named herein.

51.     DEFENDANT, "M", the legal entity whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit.

8

52.     DEFENDANT, "N", the legal entity who or which is the successor in interest of any of those entities described above.

53.     DEFENDANT, "O", the legal entity who or which provided any cleaning service and/or maintenance of the premises involved in the claim made the basis of this lawsuit.

54.     DEFENDANT, "P", the legal entity who or which planned, designed or constructed the facility involved in the occurrence made the basis of this lawsuit.

55.     DEFENDANT, "Q", the legal entity who or which was architect, engineer, contractor or subcontractor involved in the planning, design or construction of the building involved in the occurrence made the basis of this lawsuit.

56.     DEFENDANT, "R", the legal entity who or which supervised or trained the person(s) responsible for the premises involved in the occurrence made the basis of this lawsuit;

57.     DEFENFDANTS, "S", "T", "U", AND "V", those other legal entities whose combined and concurrent negligence, wantonness or other wrongful conduct contributed to cause the Plaintiff's injuries involved in the incident made the basis of this suit. All of the above fictitious party Defendants' true and correct names are otherwise unknown at this time but will be supplied by amendment and substitution when ascertained.

58.     Said negligent conduct of Defendants proximately caused Plaintiff to suffer injuries and damages, including but not limited to:  she was caused to suffer physical injuries to her person; surgery and surgical expenses, post-operative physical therapy treatment and expenses; she was caused to undergo medical evaluation and treatment of her injuries and will be caused to incur additional expenses in the future; she has been permanently disfigured; she has been caused to suffer physical pain and suffering, loss of enjoyment of life; loss of quality of life, emotional distress, and mental anguish; and she will continue to suffer similar injuries, pan and damages in the future.

9

**WHEREFORE,** premises considered, the Plaintiff herein demands judgment against the Defendants herein for a sum within the jurisdictional limits of this Court, and any other relief to which she is entitled.

**\*\*\* PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY\*\*\***

/s/ R. Walker Garrett
R. Walker Garrett (GAR109)
Counsel for Plaintiff

OF COUNSEL:
Morgan & Morgan
408 12th Street, Suite 200
Columbus, Georgia 31901
(706) 324-1227
wgarrett@forthepeople.com

**PLEASE SERVE BY CERTIFIED MAIL:**

The Kroger Company
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104